LEMMON, Judge.
Plaintiffs’ appeal questions a judgment which found them liable for a two-car collision. Defendant was the driver of one of the vehicles, while plaintiffs were the driver of the second vehicle and the owner (who was also a passenger at the-time of the collision).
Defendant’s version was: He was driving in the leftmost of two eastbound lanes of a divided roadway at a speed of 40 to 45 miles per hour, 55 being the posted limit. As he approached and began to pass two cars traveling in the right lane, the first of the two cars suddenly and without warning moved into the left lane, about one car length in front of him. He blew his horn and applied his brakes, but did not have sufficient time to stop or otherwise avoid a collision. He could not swerve to the right because of the presence of the second car or to the left because of a dividing barrier.
Defendant’s passenger completely corroborated this version of the occurrence. There was no physical evidence to support or contradict this depiction.
Plaintiffs’ version was: Plaintiff driver was traveling east in the left lane at 30 to 40 miles per hour when she was struck from the rear. She had not changed lanes prior to the collision.
The case presents absolutely conflicting factual versions of the occurrence. After reviewing the record, we find no error in the trial judge’s acceptance of defendant’s version that plaintiff driver changed lanes when it was unsafe to do so and rejection of plaintiffs’ version that the accident was a simple rear end collision.
Plaintiffs point out, however, that in a subsequent trial in a different parish of a suit arising from the same accident, defendant was found to be concurrently negligent. The evidence, upon which the judgment in the later case was based, forms no parts of the record before us for review, and the liability finding in the other case is immaterial to our review of the evidence in the present case.
In support of a similar argument plaintiffs attached to their brief in this court a deposition taken in the other case (on May 2, 1974) and argue that defendant’s trial testimony in the present case (on April 2, 1975) was inconsistent with the deposition testimony. While the deposition (taken one month after this trial) was not available on the date of trial and thus could not be used to impeach defendant’s trial testimony, there was no showing that plaintiffs were unable to obtain defendant’s deposition prior to this trial. Furthermore, even treating plaintiffs’ argument as a motion for remand based on the deposition being newly discovered evidence, we find no inconsistencies of sufficient significance to warrant a remand and retrial for another credibility determination in the light of the deposition statements.
Finally, plaintiff owner argues that he was improperly cast in judgment on defendant’s reconventional demand, since the owner of an automobile is not vicariously liable for the negligence of the driver. On the other hand, defendant argues that plaintiff owner was independently negligent in allowing the driver to operate his car while in an intoxicated condition.
The owner of a vehicle is not vicariously liable for the torts of the driver. Moreover, the record in this case does not support a finding that the driver was intoxicated or otherwise incapable of driving safely, the sole evidence being defendant’s testimony that the occupants of the other car “looked like . . . they had a few drinks . . . .”
Accordingly, the judgment of the trial court is reversed insofar as it holds plaintiff August Richards liable on the incidental demands. In all other respects, the judgment is affirmed.

REVERSED IN PART, AFFIRMED IN PART.